# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# OCALA DIVISION

DISH NETWORK L.L.C.,
ECHOSTAR TECHNOLOGIES L.L.C.
and NAGRASTAR LLC,

    Plaintiffs,

v.                                        Case No: 5:16-cv-539-Oc-30PRL

PROFULLA SINGH,

    Defendant.

## ORDER

THIS CAUSE comes before the Court on Defendant Profulla Singh's Motion to Dismiss (Doc. 8); and Plaintiffs DISH Network L.L.C., EchoStar Technologies L.L.C., and NagraStar LLC's joint response (Doc. 14). Having reviewed these filings, the complaint, and the relevant law, the Court concludes Defendant's motion must be denied.

Plaintiffs initiated this action against Defendant for allegedly pirating DISH Network's satellite television service, in violation of several federal statutes. In response to the complaint, Defendant filed a *pro se* motion to dismiss (Doc. 8) that argues Plaintiffs failed to join an indispensable party. The motion does not say who that missing indispensable party is. Without further elaboration, Defendant then appears to transform the motion into an affidavit providing sworn testimony regarding letters he sent to Plaintiffs, which he says bound Plaintiffs into admitting they have no claim against him upon which relief can be granted.

Defendant's motion to dismiss must be denied. Defendant failed to meet his burden of demonstrating that there is a missing indispensable party to this action when he neither identified the missing party nor established that the party was indispensable. *W. Peninsular Title Co. v. Palm Beach Cty.*, 41 F.3d 1490, 1492 (11th Cir. 1995); *Int'l Importers, Inc. v. Int'l Spirits & Wines, LLC*, No. 10-61856-CIV, 2011 WL 7807548, at *2 (S.D. Fla. July 26, 2011). Defendant also failed to show Plaintiffs cannot state a claim because the Court cannot consider the affidavit in ruling on a motion to dismiss.[1] Instead the Court's inquiry is limited to the complaint and its exhibits, documents incorporated into the complaint, and matters over which the Court can take judicial notice. *See Jozwiak v. Stryker Corp.,* No. 6:09–cv–1985–Orl–19GJK, 2010 WL 743834, at *2 (M.D. Fla. Feb.26, 2010). Thus, the Court concludes Defendant failed to articulate any basis warranting dismissal.

Accordingly, it is ORDERED AND ADJUDGED that:

1. Defendant's motion (Doc. 8) is DENIED.

2. Defendant shall respond to the complaint (Doc. 1) within fourteen (14) days from the date of this Order.

**DONE** and **ORDERED** in Tampa, Florida, this 2nd day of November, 2016.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel/Parties of Record

---

[1] Even if the Court could consider the affidavit, it has significant doubts as to whether the letters sent to Plaintiffs would constitute a binding waiver of their claims.