# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA

Case No. 5:16-cv-00539-JSM-PRL

DISH NETWORK L.L.C.,
ECHOSTAR TECHNOLOGIES L.L.C.,
and NAGRASTAR LLC,

    Plaintiffs,

v.

PROFULLA SINGH,

    Defendant.
_____/

## ORDER

THIS CAUSE comes before the Court on Plaintiffs' Motion for Default Judgment (Doc. 18). The Court having reviewed the motion and Plaintiffs' complaint, and being otherwise fully advised in the premises, concludes that the motion should be granted.

## PROCEDURAL HISTORY

On August 24, 2016, Plaintiffs sued Defendant for violations of 17 U.S.C. section 1201(a)(1) (Count I), 47 U.S.C. section 605(a) (Count II), and 18 U.S.C. sections 2511(1)(a) and 2520 (Count III), all related to Defendant's alleged piracy of satellite television service (Doc. 1). Plaintiffs sought damages and an injunction to prevent continued piracy by Defendant (Doc. 1). On October 19, 2016, Defendant moved to dismiss the complaint (Doc. 8). The Court denied the motion to dismiss and gave Defendant 14 days to answer (Doc. 15). Defendant, though, did not answer. Plaintiffs moved for a clerk's default on November 22, 2016 (Doc. 16), and the default was entered the next day. Plaintiffs then filed the instant motion for default judgment (Doc. 18). For the reasons stated below, Plaintiffs are entitled to a final default judgment.

## NATURE OF THE CASE

Plaintiffs brought this action against Defendant Profulla Singh (hereinafter "Defendant") for unlawfully circumventing the DISH Network security system and receiving copyrighted, subscription-based DISH Network satellite television programming without authorization and without payment to DISH Network. Defendant accomplished this in part by subscribing to a pirate television service known as NFusion Private Server ("NFPS"). The NFPS pirate television service allowed Defendant to illegally decrypt DISH Network's satellite signal and view copyrighted satellite television programming without authorization from DISH Network. (Dkt. No. 1, Pls.' Orig. Compl.)

Defendant was properly served with a copy of the summons and complaint, but failed to file an answer or otherwise defend the lawsuit within the time allowed. DISH Network submitted evidence that Defendant is not an infant, not an incompetent person, and not on active duty in the military or otherwise exempted under the Servicemembers' Civil Relief Act.

As a result of Defendant's failure to answer Plaintiffs' Complaint, the Court accepts as true the following well-pleaded allegations in Plaintiffs' Original Complaint:

    a.    DISH Network is a multi-channel video provider that delivers video, audio, and data services via a direct broadcast satellite system to approximately 14 million subscribers. DISH Network uses high-powered satellites to broadcast, among other things, movies, sports and general entertainment services to consumers who have been authorized to receive such services after payment of a subscription fee, or in the case of a pay-per-view movie or event, the purchase price. (Doc. 1, Pls.' Compl. ¶¶ 9–10.)

    b.    DISH Network contracts for and purchases the distribution rights for most of the programming broadcast on the DISH Network platform from providers such as

network affiliates, pay and specialty broadcasters, cable networks, motion picture distributors, sports leagues, and other holders of programming rights. The works broadcast on the DISH Network platform are copyrighted. DISH Network has the authority of the copyright holders to protect these works from unauthorized reception and viewing. (*Id.* ¶¶ 11–12.)

      c.      DISH Network programming is digitized, compressed, and scrambled prior to being transmitted to multiple satellites located in geo-synchronous orbit above Earth. The satellites then relay the encrypted signal back down to Earth where it can be received by DISH Network subscribers that have the necessary equipment. (*Id.* ¶ 13.)

      d.      The EchoStar Technologies receiver processes an incoming DISH Network satellite signal by locating an encrypted part of the transmission known as the entitlement control message and forwards that message to the smart card. Provided that the subscriber is tuned to a channel he is authorized to watch, the smart card uses its decryption keys to unlock the message, uncovering a control word. The control word is then transmitted back to the receiver in order to decrypt the DISH Network satellite signal. Each receiver and smart card is assigned a unique serial number which is used by DISH Network when activating the equipment, and to ensure the equipment only decrypts programming that the customer is authorized to receive as part of his subscription package and pay-per-view purchases. (*Id.* ¶¶ 17-18.)

      e.      NFPS is a pirate internet key sharing ("IKS") television service that provided end-users computer software and decryption codes needed to descramble DISH Network television programming without authority and without payment of a subscription fee to DISH Network. (*Id.* ¶ 25.)

  f. Defendant violated federal laws by utilizing the NFPS pirate IKS television service and server to obtain DISH Network's descrambling control words to illegally receive and descramble DISH Network copyrighted television programming. (*Id.* ¶ 27.)

Plaintiffs' submitted declarations from Gregory Duval and Christopher Ross testifying that Defendant connected to the NFPS IKS server resulting in his interception of Plaintiffs' satellite signals of copyrighted satellite television programming, without authorization from Plaintiffs. Pursuant to 18 U.S.C. § 2520 of the Electronic Communications Privacy Act ("ECPA"), Plaintiffs are entitled to statutory damages of $10,000 for Defendant's interception of Plaintiffs' satellite signal. Plaintiffs seek $10,000 in their Motion for Default Judgment and Request for Statutory Damages and Permanent Injunction.

## CONCLUSION

Upon default of the Defendant, the Court, having reviewed the record and arguments in this matter hereby ORDERS and ADJUDGES as follows:

(1) Defendant and anyone acting in active concert or participation with, or at the direction or control of Defendant is hereby PERMANENTLY ENJOINED from:

  1) intercepting Plaintiffs' satellite television transmissions without Plaintiffs' authorization through any means including Internet Key Sharing (also known as Control Word Sharing);

  2) assisting others in intercepting Plaintiffs' satellite television transmissions without Plaintiffs' authorization through any means including Internet Key Sharing (also known as Control Word Sharing); and

  3) testing, analyzing, reverse engineering, manipulating or otherwise extracting codes or other technological information or data from Plaintiffs' satellite

television receivers, access cards, data stream or any other part or component of Plaintiffs' security system or other technology used to gain access to DISH Network programming including through the use of Internet Key Sharing (also known as Control Word Sharing).

(2) This Permanent Injunction takes effect immediately.

(3) The Court awards Plaintiffs DISH Network L.L.C., EchoStar Technologies L.L.C. and NagraStar LLC statutory damages in the amount of $10,000 as to Defendant on Plaintiffs' claim under 18 U.S.C. §§ 2511(1)(a) and 2520.

(4) The Court retains jurisdiction over this action for the purposes of enforcing this Final Judgment and Permanent Injunction, for all of which let execution issue.

(5) This is a final judgment. Any and all relief not expressly granted herein is denied.

(6) The Clerk is directed to close this case and terminate any pending motions as moot.

**DONE** and **ORDERED** in Tampa, Florida, this 13th day of December, 2016.

_____
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel/Parties of Record